Filed 12/19/24  P. v. Perez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY MANUEL PEREZ,<br><br>Defendant and Appellant. | F087427<br><br>(Super. Ct. No.  BF131156A)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  David E. Wolf, Judge.

Matthew J. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez, Christina Simpson, and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Franson, J. and Snauffer, J.

Defendant Anthony Manuel Perez and two other individuals fired at police officers while evading arrest in a vehicle.  A jury convicted Perez of two counts of first degree attempted premeditated murder and other charges.  The trial court sentenced him to 30 years to life plus 47 years, eight months.

Perez now appeals from the trial court's denial of his petition for resentencing under Penal Code[1] section 1172.6 at the prima facie stage.  He argues the court erred in dismissing his petition based on the peace officer exception (§ 189, subd. (f)) to the malice requirement (§ 188, subd. (a)(3); § 189, subd. (e)).  Under this exception, if a defendant participates in a felony in which a peace officer dies while performing their duties, the prosecution need not prove the defendant acted with malice to convict him of murder.  But this exception applies only to murder, not attempted murder.  The People concede that the court erred in dismissing Perez's petition at the prima facie stage as he was convicted of attempted murder and the jury was instructed that he could be convicted on a now-invalid natural and probable consequences theory.

We accept the People's concession, and will reverse and remand for further proceedings.

**PROCEDURAL BACKGROUND**

"Following a jury trial, appellant Anthony Manuel Perez was convicted of two counts of attempted premeditated murder of a peace officer (counts 1 & 2), two counts of assault upon a peace officer with a semiautomatic firearm (counts 3 & 4), two counts of unlawful possession of a firearm by a criminal street gang member (counts 7 & 11), and one count of possession of a stolen vehicle (count 8).  With respect to counts 1, 2, 3, 4, 7, and 8, the jury found the offenses were committed for the benefit of a criminal street gang within the meaning of Penal Code section 186.22, subdivision (b)(1).  With respect to counts 1 through 4, the jury found appellant was a principal in the offenses and at least

---

[1] Undesignated statutory references are to the Penal Code.

2.

one principal personally discharged a firearm in committing the offenses within the meaning of section 12022.53, subdivision (e)(1). However, the jury found appellant did not personally discharge a firearm in committing the offenses within the meaning of section 12022.53, subdivision (c). Appellant received a total determinate sentence of 47 years, 8 months, plus a total indeterminate sentence of 30 years to life." (*People v. Perez* (July 3, 2012, F062339) [nonpub. opn.], 2012 WL 2552908, at p. 1.) We affirmed Perez's conviction on July 3, 2012. (*Ibid.*)

Perez petitioned for resentencing under section 1172.6 in February 2023, alleging that he had been convicted of attempted first degree murder under the natural and probable consequences doctrine but would not be convicted of attempted murder if tried today because of changes to sections 188 and 189. The prosecution opposed the petition and argued that Perez was ineligible for relief as a matter of law because the jury found the attempted murders were premeditated.

The trial court denied the petition in July 2023, concluding that Perez was ineligible for relief as a matter of law based on the "peace officer exception to the malice requirement under Penal Code section 188[, subdivision] (a)(3). [¶] Penal Code Section 189[, subdivision] (f) still allows for felony murder liability where the victim is a peace officer. The [L]egislature intended to maintain broader liability for felony murder cases where the victim was a peace officer. PC 189[, subdivision] (f) is an exception to the malice requirement of 188[, subd.] (a)(3)."

In August 2023, Perez petitioned again for resentencing under section 1172.6. The prosecution opposed, arguing "the petition is duplicative, and the doctrine of res judicata should apply." On January 5, 2024, the court denied Perez's second petition on two grounds. First, Perez was ineligible for relief as a matter of law under the peace officer exception to the malice requirement in section 189, subdivision (f). Second, Perez had already unsuccessfully petitioned for relief.

Perez appeals from the trial court's January 5, 2024, order denying his second petition for relief.

## DISCUSSION

**I.    Applicable law and standard of review**

**A.    Murder/attempted murder**

Murder is the unlawful killing of a human being with malice aforethought.  (§ 187, subd. (a).)  Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) "to amend the felony murder rule and the natural and probable consequences doctrine … to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f); accord, *People v. Curiel* (2023) 15 Cal.5th 433, 448 (*Curiel*).)  "Outside of the felony-murder rule, 'a conviction for murder requires that a person act with malice aforethought.  A person's culpability for murder must be premised upon that person's own actions and subjective mens rea.' " (*Curiel*, at p. 448, quoting Stats. 2018, ch. 1015, § 1(g).)

As to the felony-murder rule, Senate Bill 1437 amended section 189 by adding subdivision (e), which provides that a participant in specified felonies is liable for murder if a death occurs during its course only if the participant was (1) the actual killer, (2) a participant who aided and abetted the actual killer in committing murder in the first degree with the intent to kill, or (3) a major participant in the underlying felony and acted with reckless indifference to human life as described in section 190.2.  (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)  Section 189, subdivision (e), does not apply if the victim was a peace officer killed while in the performance of their duties.  (§ 189, subd. (f).)  This is commonly known as the peace officer exception to the malice requirement.

Senate Bill 1437 also amended the natural and probable consequences doctrine by requiring that a principal in a crime act with malice aforethought before they may be convicted of murder.  (§ 188, subd. (a)(3); accord, *Curiel, supra,* 15 Cal.5th at p. 449.) "One effect of this requirement was to eliminate liability for murder as an aider and abettor under the natural and probable consequences doctrine." (*Curiel*, at p. 449.)  In Senate Bill No. 775 (2021–2022 Reg. Sess.), effective January 1, 2022, the Legislature amended the language of section 1172.6 to expand the scope of the petitioning procedure to defendants convicted of attempted murder or manslaughter under a now prohibited theory.

## B.     Section 1172.6

Senate Bill 1437 also enacted former section 1170.95 (now § 1172.6) that provides a procedure for persons convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief.  (*Curiel, supra,* 15 Cal.5th at p. 449.)  In 2021, the Legislature amended the statute to expand the offenders eligible for resentencing to those who were convicted under any other theory where malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter. (Stats. 2021, ch. 551, § 1.)  The Legislature also amended section 1172.6 to codify the holdings of *People v. Lewis* (2021) 11 Cal.5th 952, 961–970 (*Lewis*) as to a defendant's right to counsel and the standard for determining the existence of a prima facie case and clarified the procedure and burden of proof at the evidentiary stage of the proceedings. (Stats. 2021, ch. 551, § 1(b).)

Under section 1172.6, an offender seeking resentencing must first petition in the sentencing court, and the court must determine whether the petitioner has made a prima facie showing that they are entitled to relief.  (§ 1172.6, subds. (a)–(c); accord, *Curiel, supra,* 15 Cal.5th at p. 450.)  Our Supreme Court recently explained that a petitioner's allegation that they could not currently be convicted of a homicide offense due to the

2019 changes to sections 188 or 189 "puts at issue all elements of the offense under a valid theory." (*Curiel*, at p. 462.) Therefore, a petitioner's allegation is not refuted "unless the record conclusively establishes every element of the offense." (*Id.* at p. 463.) When deciding whether a petitioner has established a prima facie case of eligibility, the court may rely on the record of conviction but "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis, supra,* 11 Cal.5th at. at p. 972.)

"If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Curiel, supra,* 15 Cal.5th at p. 450.) If the trial court determines the petitioner has met their prima facie burden, the court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c), (d)(1); accord, *Curiel*, at p. 450.)

## III.    Analysis

Under section 1172.6, subdivision (a), Perez filed a declaration on August 3, 2023, alleging that (1) the information in his case[2] allowed the prosecution to proceed on a theory of attempted murder under the natural and probable consequences doctrine, (2) he was convicted of attempted murder after a trial, and (3) he could not presently be convicted of attempted murder because of changes to sections 188 or 189 made effective January 1, 2019. (§ 1172.6, subd. (a)(1)–(3).) As we noted in our opinion in Perez's prior appeal, the jurors were instructed that he could be convicted of attempted murder under a natural and probable consequences theory.[3] (*People v. Perez, supra,* 2012 WL 2552908, at p. 6.)

---

[2] This would be the amended information filed December 3, 2010.

[3] We stated:  "One of the theories under which appellant was prosecuted for the attempted murders was that he joined a conspiracy to commit robbery or assault, and that

Because the jury was given a natural and probable consequences instruction, the record of conviction does not preclude the possibility that Perez was convicted under this now-invalid theory.  Therefore, Perez met his prima facie burden, and the trial court erred in summarily denying the petition.  The court should have issued an order to show cause and held a hearing to determine whether to vacate the attempted murder conviction and resentence Perez on the remaining counts.  (§ 1172.6, subds. (c), (d)(1); see *Curiel, supra,* 15 Cal.5th at p. 450.)  But the court denied Perez relief based on the peace officer exception (§ 189, subd. (f)) to the malice requirement (§ 188, subd. (a)(3); § 189, subd. (e)).  Perez was charged with attempted murder, not murder, and California does not recognize the crime of attempted felony murder.  (*People v. Billa* (2023) 31 Cal.4th 1064, 1071, fn. 4.)  Accordingly, the court erred in summarily dismissing the petition based on the peace officer exception (§ 189, subds. (e) & (f)).

## DISPOSITION

The trial court's January 10, 2024, order dismissing the petition is reversed and the matter is remanded with directions to issue an order to show cause and conduct such further proceedings as necessary under section 1172.6.

---

attempted murder was a natural and probable consequence of the conspiracy." (*People v. Perez, supra,* 2012 WL 2552908, at p. 6.)